UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RICKY SEWELL** | **CIVIL ACTION NO. 07-0736** |
| **VS.** | **SECTION P** |
| **WARDEN ROBERT RACHAL** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

<u>REPORT AND RECOMMENDATION</u>

  Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on April 20, 2007, by pro se petitioner Ricky Sewell.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections.  He is incarcerated at the Steve Hoyle Rehabilitation Center, Tallulah, Louisiana where he is serving sentences totaling fifteen years imposed following his 2004 conviction on multiple counts of distribution of cocaine in the Fourth Judicial District Court, Ouachita Parish.

  This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** because the claims were not fairly presented to the Louisiana courts, and, while "technically exhausted," are procedurally defaulted.  In the alternative, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

Petitioner was convicted of five counts of distribution of cocaine on January 7, 2004. [doc. 1, paragraph 2] On February 27, 2004, sentences totaling 15-years were imposed. Petitioner appealed his convictions and sentences to the Second Circuit Court of Appeal. His court-appointed appellate counsel argued assignments of error raising claims of sufficiency of the evidence and excessiveness of sentence. On March 2, 2005, his convictions and sentences were affirmed. *State of Louisiana v. Ricky Sewell*, 39,380 (La. App. 2 Cir. 3/2/2005), 894 So.2d 1286. Petitioner did not seek further direct review in the Louisiana Supreme Court.

On some unspecified date petitioner filed a pro se Application for Post-Conviction Relief in the Fourth Judicial District Court raising claims of ineffective assistance of counsel, illegal wiretap, and insufficient evidence. [doc. 1-1, paragraph 11] Relief was denied on some unspecified date. Petitioner claims that he sought writs in the Second Circuit Court of Appeals but that court denied relief on March 16, 2005. [doc. 1-1, paragraph 9] He did not seek review of the denial of his application for post-conviction relief in the Louisiana Supreme Court. [doc. 1-1, paragraph 11(c)]

On or about May 10, 2005, petitioner filed a *pro se* petition for writ of *habeas corpus* in this court in the matter entitled *Ricky Sewell v. Warden, Claiborne Parish Detention Center*, Docket No. 3:05-cv-0885.  Petitioner alleged that his Application for Post-Conviction Relief filed in the Fourth Judicial District Court was denied on March 16, 2005, and that his writ application to the Second Circuit remained pending at the time petitioner filed his federal *habeas petition*. Petitioner admitted that he had not sought review of his appeal or post-conviction application in the Louisiana Supreme Court. [*Ricky Sewell v. Warden, Claiborne Parish Detention Center*, No. 3:05-cv-0885 at doc. 1-1, paragraph 11] Accordingly, on August 1, 2005,

United States Magistrate Judge James D. Kirk authored a Report recommending dismissal of petitioner's *habeas* claims based on petitioner's admitted failure to exhaust available state court remedies by fairly presenting his habeas claims to the Louisiana Supreme Court.  [*Ricky Sewell v. Warden, Claiborne Parish Detention Center*, No. 3:05-cv-0885 at doc. 7]  On September 22, 2005, United States District Judge Robert G. James signed a judgment adopting the Report and Recommendation and dismissing petitioner's *habeas corpus* petition without prejudice based on petitioner's failure to exhaust state court remedies. [*Ricky Sewell v. Warden, Claiborne Parish Detention Center*, No. 3:05-cv-0885 at doc. 9]

Petitioner signed the instant petition for writ of *habeas corpus* on April 20, 2007. He argues four grounds for relief: (1) conviction obtained by action of grand jury which was unconstitutionally impaneled; (2) excessiveness of sentence; (3) convictions violated the constitutional prohibition against double jeopardy; and, (4) insufficiency of the evidence.

### *Law and Analysis*

*1. Exhaustion*

As petitioner was clearly advised in Magistrate Judge Kirk's Report and Recommendation of August 1, 2005,  28 U.S.C. §2254 states, in part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court <u>shall not be granted unless it appears that</u> (A) <u>the applicant has exhausted the remedies available in the courts of the State;</u> or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

\*   \*   \*

(c) An applicant shall not be deemed to have exhausted the remedies available in

    the courts of the State, within the meaning of this section, if he has the right under
the law of the State to raise, by any available procedure, the question presented.
28 U.S.C. § 2254.

The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom*. *Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state

court is the Louisiana Supreme Court.

As with his previous habeas corpus petition, petitioner has not presented <u>any</u> of his federal *habeas* claims to the Supreme Court of Louisiana. Therefore, it is clear that since the Louisiana Supreme Court has not yet had an opportunity to review and determine the merits of petitioner's *habeas corpus* claims, those claims remain unexhausted.

## *2. Technical Exhaustion*

While petitioner's claims remain unexhausted, all could be said to be "technically exhausted" since petitioner cannot now litigate these claims in the Louisiana courts.[1] *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570-71 n. 28, 71 L.Ed.2d 783 (1982); 28 U.S.C. §2254(c). However, when state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims. See *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, ...

---

[1] Petitioner could not now raise these claim in the Louisiana Supreme Court on direct appeal. Supreme Court Rule X, §5(a) provides: "<u>An application seeking to review a judgment of the court of appeal</u> ... shall be made within <u>thirty days</u> of the mailing of the notice of the original judgment of the court of appeal... <u>No extension of time therefor will be granted</u>." (Emphasis supplied)

Nor could he raise these claims in a second Application for Post-Conviction Relief since under Louisiana law, any future attempt to raise this claim in an Application for Post-Conviction Relief would likely be dismissed as repetitive under La. C.Cr.P. art. 930.4(A) ("... any claim for relief which was fully litigated in an appeal ...shall not be considered."), (D) (A successive application may be dismissed if it fails to raise a new or different claim.") or (E) (" A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application."), or as time-barred by the provisions of La. C.Cr.P. art. 930.8. That statute provides a two-year period of limitations for filing applications for post-conviction relief and that period is generally reckoned from the date that the applicant's judgment of conviction becomes final under Louisiana law. Petitioner's judgment of conviction became final under the provisions of Louisiana law sometime in March, 2005 when the delays for seeking rehearing in the court of appeals expired. See La. C.Cr.P. art. 922(B).  Thus, any application for post-conviction relief filed after March 2007 would be untimely.

[then] there is a procedural default for purposes of federal *habeas*....." *Id.* at 735 n. 1, 111 S.Ct. at 2557 n. 1.

The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1996). However, a petitioner can rebut this presumption by establishing that the procedural rule is not strictly or regularly followed. *Moore v. Roberts*, 83 F.3d 699 (5th Cir. 1996). The burden in on the petitioner to show that a state did not strictly and regularly follow the procedural bar at the time pertinent to his state court action. *Stokes v. Anderson*, 123 F.3d 840, 843 (5th Cir. 1999); *Amos v. Scott*, 61 F.3d 333, 342, (5th Cir. 1995); *Sones*, 61 F.3d at 416. In bearing the burden, the petitioner must demonstrate that the state failed to apply the procedural bar to claims which are identical or similar to the claims raised by him. *Stokes*, 123 F.3d at 860; *Amos*, 61 F.3d at 340.

It is reasonable to conclude that petitioner is now unable to litigate these claims in the

6

courts of Louisiana, and that any attempt to litigate these claims would result in dismissal on procedural grounds. Therefore, his claims must now be considered procedurally defaulted. See *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir.1993), (cited with approval in *Sones v. Hargett*, 61 F3d 410, 416 (5th Cir. 1995)), ("[I]f it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping- pong' and hold the claim procedurally barred from *habeas* review").

### a. "Cause and Prejudice"

In order for petitioner to avoid a procedural bar he must show "cause and prejudice" for the default by showing that "some objective factor <u>external to the defense</u>" prevented the petitioner from properly raising the claims in state court. *McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)(quoting, *Murray*, 477 U.S. at 488) (emphasis supplied). In this case, petitioner can fault only himself for his failure to "fairly present" his federal *habeas* claims to the Louisiana Courts.

Nevertheless, "[i]n addition to cause, [a procedurally defaulted *habeas* petitioner] must show actual prejudice to overcome the procedural bar." *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir.1996) (internal quotations omitted). "The movant makes this showing where he demonstrates that, <u>but for</u> the error, he might not have been convicted." *Id.* (emphasis supplied); See also *Pickney v. Cain,* 337 F.3d 542, 545 (5th Cir. 2003). Even if petitioner were to establish cause for his default, it appears unlikely that he could establish prejudice since he has provided no reason to suspect that the Louisiana courts would have ruled favorably on these claims even if they had been fairly presented to the Louisiana Supreme Court in a procedurally appropriate manner.

7


### *b. Fundamental Miscarriage of Justice – "Actual Innocence"*

Petitioner may also obtain federal review of a technically exhausted but procedurally defaulted claim by showing that the failure to consider the claim will result in a "fundamental miscarriage of justice." In order to make such a showing, the *habeas* petitioner must show, "... as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635 (5th Cir.1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995). To establish such actual innocence, petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Petitioner has not provided any new and reliable evidence of his innocence. To the contrary, the evidence of petitioner's guilt is overwhelming.[2]

---

[2] The Second Circuit Court of Appeals provided the following statement of the case:
"Police received information about drug trafficking in Monroe, Louisiana, and began an undercover investigation targeting the defendant. Detective David May coordinated the investigation. Officers Jay Rigal and Nikki Johnson of the West Monroe Police Department worked undercover.

On January 9, 2001, Rigal was supplied with $100 of prerecorded money and an audio transmitter. May showed Rigal a photograph of the defendant from the Automatic Fingerprint Identification System (AFIS). Rigal and an informant drove to 203 North 11th Street where they met the defendant. May and other officers remained a few blocks away. The defendant told Rigal to pull his car into the driveway. The defendant went inside the house and returned with five rocks of crack cocaine which Rigal purchased for $100. The transaction was completed through the car window. Rigal stated the defendant was approximately three feet away. This investigation was Rigal's seventeenth undercover operation.

Later that night, Rigal again viewed the defendant's photograph and confirmed that it was the defendant who sold him drugs. Rigal submitted the drugs as evidence. The audio system failed to record the transaction.

On January 11, 2001, Johnson was given prerecorded money and an audio transmitter. She was instructed to target the defendant or another specified individual. May showed Johnson the photograph of the defendant before she and the informant drove to the house at 203 North 11th Street. The informant knocked on the door and entered the house. The defendant then came to the door and waved for Johnson to enter. Johnson went inside the house, leaving the

### *c. Conclusion*

Petitioner, by his own admission, has once again failed to fairly present the substance of his federal habeas corpus claims to the Louisiana Supreme Court. As with his previous petition

---

audio transmitter in the vehicle. She purchased five crack cocaine rocks from the defendant for $100. Johnson identified the man in the photograph as the defendant who sold her drugs and she submitted the drugs as evidence.

On January 24, 2001, Johnson went to the same location to make a drug purchase. She was approached by several people who offered to sell her drugs. She saw the defendant exiting a residence across the street and chose to buy drugs only from the defendant. Johnson bought six crack rocks from the defendant for $100.

On January 25, 2001, Johnson observed the defendant unloading a white pick-up truck in the vicinity of the previous purchases. She bought another six crack rocks from the defendant for $100.

Johnson made a final purchase of six crack rocks from the defendant on January 31, 2001, for $100. The defendant gave Johnson his cell phone number. The last three transactions were recorded by audio monitoring and those tapes were played in court. Johnson testified the man who sold her the crack cocaine answered to the name 'Ricky.'

A forensic chemist verified that all five purchases submitted as evidence were crack cocaine. An arrest warrant was issued for the defendant on March 23, 2001. The defendant was interviewed at the police department, advised of the arrest warrant, and released when he agreed to reveal his suppliers and assist in the investigation. The defendant failed to cooperate and was arrested on April 22, 2001.

At trial, May, Rigal, and Johnson testified. Both Rigal and Johnson identified the defendant in court as the person who sold them crack cocaine.

The defendant took the stand in his own defense. He testified that at the time of the offense, he lived at 203 North 11th Street with his grandmother, his girlfriend, a nephew, and two male boarders. He attacked the validity of the officers' identification of him, arguing that other men who looked similar to him lived at the residence. The defendant claimed that he and his nephew are approximately the same height.

The defendant stated that he had never met Rigal or Johnson, never owned or used a white pick-up truck, never had a cell phone with the number stated by Johnson, and that the officers' testimony was untrue. He stated that when he was initially interviewed, May told him that "he had warrants" for him and that 'he wanted me to tell on someone else about a drug deal. And so I told him that if I find out something about it or say something, you know I heard something about it, that I will make him aware of what he wanted to know.' He testified that he was photographed at the interview.

The defendant's girlfriend, Martha Quarles, testified she had never seen the defendant distribute cocaine; however, she admitted that she had a conviction for distribution of crack cocaine. She stated she had never talked to police about the defendant selling crack cocaine or told police that he had no legitimate means of income. Officer Thomas Rhodes testified on rebuttal that Quarles told him the defendant had no legitimate means of income in December 2002.

The defendant was convicted of all five counts of distribution of cocaine." *State v. Sewell* 894 So.2d at 1288 -1290 (La.App. 2 Cir.,2005).

for writ of *habeas corpus*, petitioner failed to exhaust available state court remedies with respect to his federal claims. Now, however, his claims would be subject to dismissal were he to attempt exhaustion in the courts of Louisiana. Therefore, his claims, although "technically exhausted" are procedurally defaulted. Since petitioner has not shown "cause" and "prejudice" for the default, and, since he has not shown that the failure to review his claims on the merits would result in a "miscarriage of justice" the petition should be denied and dismissed with prejudice.

### 3. Time Bar

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state

---

[3] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his sentence. His sentence was affirmed by the Second Circuit Court of Appeals on March 2, 2005. See *State of Louisiana v. Ricky Sewell*, 39380 (La. App. 2d Cir. 3/2/2005), 894 So.2d 1286. Petitioner did not seek further direct review by filing an application for writs in Louisiana's Supreme Court. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], thirty days after notice of judgment was mailed, on or about April 2, 2005.[4] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (if defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.)

Therefore, petitioner had until April 2, 2006 to file his federal *habeas corpus* suit. He cannot rely on the tolling provision provided by 28 U.S.C. §2244(d)(2) unless he can show that state post-conviction proceedings remained pending in the Louisiana courts during this relevant time period.

---

[4] See Louisiana Supreme Court Rule X § 5(a) which provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are unexhausted and these unexhausted, though "technically exhausted" claims are barred from consideration by the procedural default doctrine; in the alternative,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.[5]  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

---

[5] In the event that petitioner objects to this Report and Recommendation, he should provide evidence and argument showing that his federal claims were fairly presented to the Louisiana Supreme Court and therefore exhausted; or, he should provide evidence and argument showing that his claims are not barred from review as procedurally defaulted (petitioner should provide evidence and argument to establish that the procedural defaults identified above would not prohibit petitioner from litigating his federal claims in state court, or, in the alternative, he should provide evidence and argument to establish "cause and prejudice" or a "miscarriage of justice" as those terms have been previously defined. Finally, should petitioner object to the Report and Recommendation, he should provide argument and evidence to establish that his claims are not barred by the one-year period of limitations codified at 28 U.S.C. §2244(d). In support of such argument, petitioner should provide evidence to establish that he was able to toll the limitations period by properly filing state post-conviction or collateral attacks during the time that the limitations period remained viable.

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

      **THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 25th day of June, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE